IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH F.,[1]

    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No 6:21-cv-01778-CL

OPINION AND ORDER

MARK D. CLARKE, Magistrate Judge.

Plaintiff Keith F. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for Supplemental Security Income disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34. Full consent to Magistrate jurisdiction was entered on April 12, 2022 (#10). The Commissioner concedes that this case should be remanded but asserts that further proceedings are necessary. For the reasons below, the Commissioner's decision is REVERSED and REMANDED for immediate calculation and payment of benefits.

BACKGROUND[2]

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 9.

Page 1 of 11 – OPINION and ORDER

Plaintiff protectively filed an application for benefits on October 3, 2016, and alleged disability beginning on November 1, 2015. Tr. 10, 120-22. The claim was denied initially and upon reconsideration. Tr. 55-82. Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 95-97. At the hearing, Plaintiff amended his alleged disability onset date to October 3, 2016, the date of his application for benefits. Tr. 657. After the hearing, the ALJ issued a decision dated December 4, 2018, that Plaintiff was not disabled. Tr. 7-23. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 27, 2019, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-6.

Plaintiff appealed to the Court, and the Court reversed the ALJ's decision through a stipulated remand order dated July 21, 2020. Tr. 682-92. The Appeals Council issued an order that vacated the ALJ's decision and instructed the ALJ to adjudicate on remand only the period before August 5, 2019, the date on which Plaintiff had filed a new application for SSI benefits, which resulted in a determination that Plaintiff was disabled as of August 5, 2019. Tr. 695-97.

After a hearing on March 29, 2021, before the same ALJ, the ALJ issued a decision dated August 20, 2021, that Plaintiff was not disabled from October 3, 2016, until August 5, 2019. Tr. 571-628. Plaintiff timely appealed to the Court, noting in the Complaint that the Commissioner has found Plaintiff disabled as of August 5, 2019, and that the decision appealed here is the ALJ's decision of August 20, 2021, that Plaintiff was not disabled from his alleged disability onset date through August 4, 2019. Tr. 572; Doc. No. 1.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff has not engaged in substantial gainful activity since October 3, 2016, the application date. Tr. 12.

2. Plaintiff has the following severe impairments: hypertension; obesity; congestive heart failure; and diabetes mellitus. Tr. 12.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 14.

4. Plaintiff has the residual functional capacity to perform light work, except he can never climb ladders, ropes, or scaffolds. He can occasionally crouch and crawl and have occasional exposure to pulmonary irritants. Tr. 14.

5. Plaintiff is capable of performing past relevant work as a caregiver/receptionist and a sales associate / stocker. This work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity.

6. Plaintiff is not disabled as defined by the Social Security Act, since October 3, 2016, the date the application was filed.

## ISSUES PRESENTED

1. Whether the ALJ erred by rejecting the opinion of Plaintiff's treating physician, Robin Richardson, D.O., made during the relevant period, that Plaintiff could not sustain lifting up to five pounds frequently during the workday and could reach only occasionally.

2. Whether the ALJ erred by determining that gout is not a medically determinable impairment where the record reflects that Plaintiff was diagnosed with it by 2011 and that Plaintiff was treated through the relevant period with medication for its painful symptoms.

3. Whether the ALJ erred by rejecting Plaintiff's reports that pain, fatigue, edema and lack of endurance limited him to short and unreliable periods of productivity punctuated by the need to rest and elevate his legs.

## DISCUSSION

The Commissioner concedes that it erred because the ALJ's opinion was not supported by substantial evidence. The Commissioner contends the appropriate remedy is to remand for further proceedings. Specifically, remand is requested in order to:

- Obtain evidence from a medical expert to assist in evaluating Plaintiff's limitations from his impairments through August 4, 2019;
- Reconsider Plaintiff's severe impairments, in particular considering whether gout was a severe impairment and if either alone or in

- combination with other impairments what effect this condition had on Plaintiff's residual functional capacity;
- Consider any evidence associated with the subsequent record that may be relevant to the period at issue in the current claim;
- Reevaluate the medical and nonmedical opinions of record;
- Reevaluate Plaintiff's maximum residual functional capacity;
- If warranted, obtain vocational expert testimony to clarify the effect of the assessed limitations on Plaintiff's occupational base;
- Offer Plaintiff an opportunity for a hearing; and
- Take any action necessary to complete the administrative record.

Because the Commissioner concedes error by the ALJ, the only issue for the Court is to determine if the improperly discounted evidence should be credited as true and the case remanded for immediate calculations of benefits or if it should be remanded for further proceedings. This is the second time this case has been appealed due to the errors of the ALJ. For the reasons below, the case is remanded for immediate calculation and payment of benefits.

## I.    Legal Standard.

Credit-as-true analysis is well settled, longstanding and binding on the district courts. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Smolen v Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under the credit-as-true rule, a reviewing court should remand for a finding of disability and award of benefits if: (1) The ALJ has failed to provide legally sufficient reasons for rejecting medical opinions or a claimant's testimony; (2) there are no outstanding issues to be resolved before a determination of disability can be made; and (3) the ALJ would be required to find the claimant disabled if the improperly rejected evidence were credited. *Smolen*, 80 F.3d at 1292.

### 1) The ALJ failed to provide legally sufficient reasons for rejecting the opinion of physician Robin Richardson, D.O.

The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for finding Plaintiff was not disabled. Though the Commissioner fails to identify the exact reasons

Page 6 of 11 – OPINION and ORDER

the ALJ erred, the request for remand includes a number of issues the ALJ would need to reconsider on remand, including a review of the medical evidence from the relevant time period by a medical expert, reconsideration of Plaintiff's gout as a severe impairment, and a re-assessment of Plaintiff's Residual Functional Capacity. No mention is made of the opinion of Plaintiff's physician Robin Richardson, D.O., and the Commissioner fails to respond to Plaintiff's motion arguing that the ALJ erred by rejecting Dr. Richardson's opinion as to Plaintiff's limitations.

In failing to respond to Plaintiff's arguments, the Court finds that the Commissioner has conceded that the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Dr. Richardson. This prong of the credit-as-true doctrine is met.

**2) There are no outstanding issues to be resolved before a determination of disability can be made, and the ALJ would be required to find Plaintiff disabled if Dr. Richardson's report were credited as true.**

The second and third prong of the analysis are overlapping in this case and the Court will address them together here. The medical opinion given by Dr. Richardson was improperly rejected by the ALJ. If it were credited as true, it establishes the Plaintiff's disability.

Dr. Richardson served as Plaintiff's primary care physician from August 31, 2016, through at least May 2019. Tr. 226-569, 830-941. On October 2, 2018, Dr. Richardson completed a Physician's Assessment of Physical Capabilities for Plaintiff that asked Dr. Richardson to identify functional limitations Plaintiff would have over the course of an eight-hour workday. Tr. 569. Dr. Richardson noted that Plaintiff was limited by shortness of breath on exertion. Tr. 569. Dr. Richardson opined that Plaintiff had limitations on how long he could sit, stand and walk. Tr. 569. Dr. Richardson opined that Plaintiff could lift at most twenty pounds, and only occasionally, and that Plaintiff could not lift even five pounds on a frequent basis. Tr.

569. Dr. Richardson further opined that Plaintiff could only occasionally reach or bend, and never climb. Tr. 569. Dr. Richardson reached these conclusions after serving as Plaintiff's primary care physician for more than two years, following his care by other providers including cardiology specialists, and having at least sixteen personal encounters with Plaintiff before issuing his October 2, 2018, opinion on Plaintiff's functional limitations. Tr. 360, 365, 367, 370, 372, 375, 378, 429, 431, 477, 486, 496, 503, 513, 517, 544, 569. Dr. Richardson's assessment of Plaintiff's functional limitations is highly relevant because the date of the opinion falls during the relevant period here, from Plaintiff's alleged disability onset date of October 3, 2016, through August 4, 2019. Tr. 585, 597, 697.

### a. An RFC limitation to "occasional reaching" would result in a determination that Plaintiff is disabled.

The ALJ's 2018 decision rejected the reaching limitation in Dr. Richardson's opinion because "the form is restrictive in not breaking down the reaching and climbing portions in particular." Tr. 696. On remand, the Appeals Council instructed the ALJ that "on its face, Dr. Richardson's opinion suggests that she concluded that the claimant is limited to occasional reaching in all directions." Tr. 16. The vocational expert at the remand hearing testified that including the limitation to "occasional reaching" in the RFC would rule out not only the jobs the ALJ relied upon to find Plaintiff not disabled but also any other work. Tr. 620-23.

The ALJ's reasons for rejecting the reaching limitation in Dr. Richardson's opinion are neither specific and legitimate nor supported by substantial evidence. The ALJ stated, "Dr. Richardson indicates difficulty with 'exertion' but there is no explanation as to the difficulties with standing or reaching." Tr. 582. The Court agrees with Plaintiff that it was not reasonable for the ALJ to conclude that "difficulty with 'exertion'" does not provide an explanation for the reaching limitation in Dr. Richardson's opinion. *See* Tr. 582-83. Similarly, a normal range of

Page 8 of 11 – OPINION and ORDER

motion in Plaintiff's upper extremities is not inconsistent with a reaching limitation to no more than one-third of an eight-hour workday in a person with chronic heart failure and obesity who suffers from fatigue and shortness of breath with exertional activity. Other reasons given were vague and lacking in substantial evidence, such as a quote from another medical professional, whose notes did not actual contradict Dr. Richardson's report, and the unexplained assertion that Dr. Richardson's opinion was not supported by the treatment notes.

When Dr. Richardson's opinion that Plaintiff is limited to occasional reaching is credited, it is clear that Plaintiff was disabled during the relevant period before August 5, 2019. The vocational expert testified that, if the limitation to occasional reaching was added to the hypothetical question, all four jobs the vocational expert had identified were ruled out, and the vocational expert could not identify any other jobs Plaintiff would be able to perform. Tr. 622-23; see also SCO at 281 (Production Assembler, DOT 706.687-010, requires frequent reaching), 285 (Small Products Assembler, DOT 739.687-030, requires constant reaching), 347 (Routing Clerk, DOT 222.687-022, requires frequent reaching), 348 (General Clerk, DOT 209.562-010, requires frequent reaching). Thus, when this single limitation in Dr. Richardson's opinion is credited, it is clear that Plaintiff was disabled during the relevant period.

### b. An RFC limitation to "not lifting five pounds frequently" would result in a determination that Plaintiff is disabled.

Dr. Richardson opined that Plaintiff could lift as much as twenty pounds on an occasional basis, but that Plaintiff could not lift up to five pounds on a "frequent" basis, meaning cumulatively more than one-third and up to two-thirds of an eight-hour workday. Tr. 78, 569; SSR 83-10. This limitation conflicts with the RFC the ALJ assessed for Plaintiff indicating that Plaintiff was capable of "light" work, which involves "frequent" lifting or carrying of objects that weigh up to ten pounds. 20 C.F.R. § 416.967; SSR 83-10; Tr. 579.

Page 9 of 11 – OPINION and ORDER

As with the reaching limitation, the ALJ failed to provide any specific and legitimate reason supported by substantial evidence to reject the lifting limitation. The ALJ stated that Dr. Richardson "is unable to relate specific exertion to any specific impairment." Tr. 582. The ALJ also stated that Plaintiff "told another medical provider that he regularly exceeded the limitations by Dr. Richardson, and in fact he remained active helping his parents and lifting heavy objects during the relevant period, which is entirely inconsistent with the sitting, standing, walking, and lifting limitations advised by this provider." Tr. 582.

As Plaintiff notes, however, this evidence is in the record because Plaintiff's choices to exceed the limitations imposed by Dr. Richardson often resulted in him needing to seek medical attention. Moreover, none of the activities the ALJ cited are inconsistent with Dr. Richardson's opinion that Plaintiff cannot sustain lifting up to five pounds for two-thirds of an eight-hour workday, which is more than five hours out of eight. Tr. 569.

As a result, if Plaintiff is unable to lift and carry at least ten pounds for two-thirds of a workday, he cannot perform a job of "light" level of exertion, and he is limited to sedentary work at most. *See* SSR 83-10. The Commissioner's rules direct that, if Plaintiff is limited to sedentary work, he is disabled as of his fiftieth birthday in 2016, which falls before his alleged disability onset date of October 3, 2016. Under the Medical-Vocational Guidelines, a person who is limited to sedentary work, has reached age fifty, has a high-school education as Plaintiff does, can no longer perform past work, and has no transferable skills, is disabled. *See* 20 C.F.R. Part 404, Subpt. P, App'x 2, §§ 201.00(g), 201.14; Tr. 149. All of Plaintiff's past relevant work required light or greater exertion, so he could not return to those jobs if limited to sedentary work. *See* Tr. 17, 619-20. The vocational expert at Plaintiff's first hearing testified that Plaintiff has no skills transferable to sedentary work. Tr. 655-56. Therefore, if Dr. Richardson's lifting limitation is

credited, Plaintiff is limited to sedentary work, and the Commissioner's "grid" rules direct that Plaintiff be found disabled at step five.

The Commissioner concedes that the ALJ did not give legally sufficient reasons to discount Dr. Richardson's opinion. If Dr. Richardson's opined limitations are credited as true, there are no issues left to resolve in order to find Plaintiff incapable of full-time work. Therefore, there is no need to remand for further proceedings.

### 3) The Court must remand for an award of benefits.

The Court is mindful of its duty not to substitute its discretion for that of the agency. *See Brown-Hunter*, 798 F.3d at 754. However, if all three requirements [of the credit-as-true analysis] are satisfied, the Court must remand for an award of benefits unless "the record as a whole creates serious doubt that the claimant is, in fact, disabled . . .." *Garrison*, 759 F.3d at 1021. The Court has found no serious doubt regarding Plaintiff's disability in this case. The Commissioner has already determined that Plaintiff is disabled as of August 5, 2019, and the ALJ has failed, twice, to properly consider the evidence for the remaining time period during which Plaintiff claims the onset of disability. The Court must remand for an award of benefits.

### ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for an immediate calculation and payment of benefits.

It is so ORDERED and DATED this 23 day of February, 2023.

MARK D. CLARKE
United States Magistrate Judge